Gkeen, J.
delivered the opinion of the court.
This is an indictment for betting on an election. The indictment was filed ex officio by the district attorney in obedience to an order made at the previous term of the court. It is insisted that this order ceased to confer such power on the district attorney from the expiration of the term at which it was made. We do not think so; there is no legal analogy from which such a conclusion can be drawn. When an order of court, directs a thing to be done, without limiting the time within which it must be performed, it continues to speak so long as the cause for making it exists, and the thing directed remains unaccomplished.
2. It is argued that the indictment is bad, because it does not allege that the bet was made on some particular election, and was dependant upon the result of that contest; that the allegation of the pendency of the general election for 1839, and that the bet was made upon the event of that election, is insufficient. Wethink the allegation is sufficient; the word “event” is as expressive as the *303 word “result.” It means, issue, hap, chance, success, that follows doing any thing, and is appropriately used to express the idea, upon which the bet depended. The allegation of the pendency of the election, and that the defendant bet upon the event of that election is sufficient. It is not necessary that the indictment should alledge that the party bet upon the success of any particular candidate. The circuit court erred in quashing the indictment in this case. The judgment must be reversed and the cause remanded to be proceeded in according to law.